IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HELEN RUTH CAMPBELL,                )
                                     )
            Plaintiff,               )
                                     )
    vs.                              )    2:19-CV-00378
                                     )
ANDREW SAUL, COMMISSIONER OF         )
SOCIAL SECURITY,                     )
                                     )
            Defendant.               )

## MEMORANDUM OPINION AND ORDER

Plaintiff Helen Ruth Campbell ("Campbell") commenced this action in April 2019 in which she seeks judicial review of an unfavorable decision regarding her claim for social security disability benefits. (ECF No. 3.) After an Answer and a transcript of the proceedings before the Social Security Administration were filed, both parties moved for summary judgment and their motions were fully briefed by August 2019.

On February 27, 2020, while both motions for summary judgment were still pending, Campbell filed a document entitled "Motion for Summary Judgment and Dismissal of the ALJ Unfavorable Decision." In her motion, she asserts that because the administrative law judge who adjudicated and decided her case was not properly appointed under the Appointments Clause of the United States Constitution, this case must be remanded to the Social Security Administration ("SSA") for a new hearing before a different administrative law judge.

Andrew Saul, the Commissioner of the Social Security Administration ("Commissioner"), opposes Campbell's motion, asserting that Campbell forfeited and/or waived this argument.

For the reasons set forth below, the Court will grant Campbell's motion for summary judgment and remand this matter for a new hearing before a different administrative law judge.

I.   **Relevant Procedural and Factual Background**

Campbell filed an application for supplemental security income disability benefits on August 18, 2015. Her claim was initially denied by the local Social Security office on January 7, 2016. (R.10)[1] Plaintiff took an appeal on May 12, 2016 for a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on February 5, 2018 before an ALJ in Pittsburgh, Pennsylvania. On June 12, 2018, the ALJ issued an unfavorable decision, finding that Campbell not disabled under the Social Security Act. (R.7-25).  Thereafter, she filed a request for review of hearing decision/order to the Appeals Council. (R.143). On March 6, 2019, the Appeals Council denied her request for review. Campbell then filed the present action seeking judicial review of the denial of benefits.

In Campbell's Motion for Summary Judgment, which was filed in July 2019, she raises a series of errors as bases for reversal of the ALJ's decision.  She did not raise any Appointments Clause issue in her original motion for summary judgment or at any time thereafter until she filed the present motion.

II.   **Discussion**

In *Lucia v. SEC*, 138 S. Ct. 2044, 2053 (2018), the United States Supreme Court held that because the ALJs of the Securities and Exchange Commission are "Officers of the United States" within the meaning of the Appointments Clause of the United States Constitution, Art. II, § 2., cl. 2, they are required to be appointed to their positions by the President, a court of law or the Department head. Because these ALJs were not so appointed, the Supreme Court held that the petitioner was entitled to a new hearing before a different, constitutionally appointed ALJ. *See id.* at 2055.

---

[1] Citations to the record (ECF No. 6) are referred to as "R."

The *Lucia* decision did not address the constitutional status of ALJs in other federal agencies, including the Social Security Administration.  However, on July 16, 2018, the Acting Commissioner of the SSA ratified the appointments of its ALJs and approved these appointments as her own. SSR 19-1p; Titles II & XVI: Effect of the Decision in *Lucia v. Securities and Exchange Commission (SEC)* on Cases Pending at the Appeals Council, 84 Fed. Reg. 9582–9583 (Mar. 15, 2019).

Campbell contends that based upon the holding in *Lucia* and the Social Security Administration's subsequent ratification of ALJs who were not appointed pursuant to the Appointments Clause prior to July 16, 2018, the ALJ who decided her case on June 12, 2018, was not constitutionally appointed.  Therefore, she asserts, she is entitled to a new hearing before a different ALJ.

Campbell also cites the recent decision of the Third Circuit in *Cirko on behalf of Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 155 (3d Cir. 2020) in support of her motion.  In *Cirko*, the Court of Appeals held that a Social Security claimant is not required to exhaust his or her administrative remedies regarding an unconstitutionally appointed ALJ before raising this issue with a district court.  Therefore, according to Campbell, "District Court's [sic] are empowered to freely decide whether the ALJ was properly appointed in this case to preside over and issue an unfavorable decision in Plaintiff's case on June 12, 2018."

The Commissioner argues that Campbell waived her Appointments Clause challenge by failing to raise it in her opening briefs at the district court. Waiver is the "the intentional relinquishment or abandonment of a known right." *Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)).

As an initial matter, the Commissioner's discussion of waiver principally relies upon federal appellate cases that are governed by specific rules that address this issue. In *Barna*, the Court of Appeals discussed Federal Rule of Appellate Procedure 28(a) and Third Circuit Local Appellate Rule 28.1, both of which require parties to present all of their arguments in their opening briefs. The *Olano* decision reviewed Federal Rule of Criminal Procedure 52(b), which addresses when appellate courts can consider arguments not raised in the trial court.

Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court include any such limitation. On the contrary, Federal Rule of Civil Procedure 56(f) allows a district court to grant summary judgment on grounds not raised by parties as long as they are given notice and an opportunity to be heard on the issue. Thus, the argument that Campbell waived the Appointments Clause issue by failing to raise it in her initial motion for summary judgment is largely based on an analogy to the manner by which such matters are addressed in courts of appeal, which operate under different procedural rules than district courts.  While some district courts apply this analogy to matters before them, the Commissioner does not address why the Court should do so here. No doubt it is the better practice for parties before a district court to present all of their arguments in their first briefs, but this is a far cry from holding that they are later foreclosed from raising other arguments in the same proceeding.

Nevertheless, even if the Commissioner's waiver argument is considered, it is unavailing. This matter is not properly characterized as a waiver situation.  There is no evidence that Campbell's failure to raise this argument in a more timely way was an intentional relinquishment or abandonment of a known right. Rather, the proper inquiry is whether she "forfeited" her Appointments Clause challenge. The Third Circuit has explained that "'[f]orfeiture is the failure to make the timely assertion of a right,' an example of which is an inadvertent failure to raise an

argument." *Barna* at 147. (quoting *Olano*, 507 U.S. at 733). The distinction is important because "a federal court has the authority to resurrect only forfeited [claims]." *Id.* at 146 n.7 (quoting and *Wood v. Milyard*, 566 U.S. 463, 471 n.5 (2012)). Specifically, the Court may overlook forfeiture when the forfeited issue is purely legal in nature. *See id.* at 147–48 (listing cases where the Third Circuit has considered forfeited legal issues). This is especially true "where refusal to reach the issue would result in a miscarriage of justice or where the issue's resolution is of public importance." *Id.* at 147 (internal citations omitted). Moreover, courts of appeal may exercise their discretion to consider an argument even if it has not been advanced in the first instance at the district court level. *See, e.g.*, *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 249 (3d Cir. 2013).

Therefore, it could be argued that at most, Campbell forfeited, not waived, her Appointments Clause challenge by failing to raise this issue in her initial motion for summary judgment. The Court has considered whether it will consider the merits of her motion and concludes, for several reasons, that it will exercise its discretion to do so. First, whether this case should be remanded because the ALJ was not constitutionally appointed is a legal issue that can be addressed at this time, therefore conserving judicial resources and promoting the efficient administration of justice. No final judgment has been entered in this case, and there is no substantial prejudice to the Commissioner or to the public if this issue is considered and resolved at this time.

Having exercised its discretion to consider this issue, the Court concludes that Campbell is entitled to have her claim determined by an ALJ who is constitutionally appointed. As the Third Circuit has recognized, an Appointments Clause challenge addresses fundamental constitutional issues, noting that these challenges "implicate both individual constitutional rights and the

structural imperative of separation of powers." *Cirko*, 948 F.3d at 153 (citing *Glidden Co. v. Zdanok*, 370 U.S. 530, 536–37 (1962)). The *Cirko* Court stressed that "important individual liberty [is] safeguarded by the Appointments Clause." *Id.* at 154. As stated by the Court of Appeals, this is particularly critical when resolving claims for disability benefits:

> The need to protect those individual rights is especially acute, however, where, as here, claimants' "physical condition and dependency on the disability benefits" are at issue. *Mathews v. Eldridge*, 424 U.S. 319, 331 (1976). Disability benefits are usually claimants' primary source of income—highlighting the need for both the appearance and reality of fair adjudicators appointed impartially under the Appointments Clause and making the "nature of [a disability] claim" an "important factor[]" in determining whether to take federal jurisdiction over a procedurally flawed administrative appeal, *id.* at 331 n.11. Indeed, we have said that in such cases "the claimant's interest in having the constitutional issue resolved promptly is so great that further deference to agency procedures is inappropriate." *Mattern v. Mathews*, 582 F.2d 248, 253 (3d Cir. 1978).

*Id.* at 157 (footnote omitted).

The Court concludes that although Campbell did not raise this issue in a timely manner, it will exercise its discretion and resolve it on the merits. Because the ALJ who heard her case was not constitutionally appointed, this matter will be remanded for a new hearing before a different, constitutionally appointed ALJ.[2]

For these reasons, it is ORDERED that the Commissioner's final decision is vacated and this matter is remanded to the Social Security Administration for a new hearing before a different constitutionally appointed Administrative Law Judge than the Administrative Law Judge who presided over Campbell's first hearing.

---

[2] The Commissioner also contends that Campbell forfeited her Appointments Clause challenge by failing to raise it administratively. However, as the Third Circuit held in *Cirko*, "claimants for Social Security disability benefits [need not] exhaust Appointments Clause challenges before the very administrative law judges (ALJs) whose appointments they are challenging." 948 F.3d at 152.

Dated:  May 18, 2020

BY THE COURT:

PATRICIA L. DODGE
United States Magistrate Judge